**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMAEL BRAZZIEL, #R71694,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-00904-MJR** |
| | ) | |
| **JEANETTE C. HECHT,** | ) | |
| **LINDA CARTER,** | ) | |
| **TIMOTHY R. VEATH,** | ) | |
| **JASON N. HART,** | ) | |
| **MR. MAYERS,** | ) | |
| **and RICHARD HARRINGTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Jamael Brazziel, who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983.  He is serving a 60-year sentence for murder.  In the complaint, Plaintiff claims that he was deprived of a protected liberty interest without due process of law in 2013, when he was punished with one year of segregation following an unfair disciplinary hearing on a false disciplinary ticket at Menard Correctional Center ("Menard").  (Doc. 1).  The disciplinary ticket was expunged, but only after Plaintiff spent almost eleven months in segregation.

Plaintiff now sues six Menard officials for this Fourteenth Amendment violation. The defendants include Richard Harrington (warden), Mr. Mayers (internal affairs officer), Jeanette Hecht (internal affairs officer), Timothy Veath (adjustment committee chairperson), Jason Hart (adjustment committee member), and Linda Carter (grievance officer).  He seeks declaratory judgment, monetary damages, and injunctive relief.  (*Id*. at 14-15).

Plaintiff filed an incomplete complaint on August 14, 2015. (Doc. 1). The statement of claim refers to numerous exhibits, including the disciplinary ticket and final hearing summary, which were not included with or described in the complaint. Unable to discern any factual basis for Plaintiff's claims without these exhibits, the Court ordered Plaintiff to file the exhibits no later than October 13, 2015. (Doc. 6). He complied with this Order. The complaint (Doc. 1), which includes the exhibits (Doc. 7), is now ripe for review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out nonmeritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

On October 21, 2013, two of Menard's internal affairs officers, Defendant Hecht and Mayers, issued Plaintiff a disciplinary ticket. (Doc. 1, p. 7; Doc. 7, pp. 1-2). The ticket described Plaintiff as a lieutenant for the Vice Lords, a security threat group at Menard. According to the ticket, Plaintiff used his position in this gang to force another inmate, Lavell Smith, out of the cell house. Plaintiff then refused to cooperate with the ensuing investigation. The unsigned ticket charged Plaintiff with the following offenses: 110-impeding or interfering with an investigation; 205-security threat group activity; and 303-giving false information to an employee. (*Id.*). Defendants Hecht and Mayers denied Plaintiff's request for a polygraph test in connection with these charges. (Doc. 1, p. 7).

On October 23, 2013, Plaintiff attended a hearing before Menard's adjustment committee. (*Id.* at 3-4). Chairperson Veath and Officer Hart presided over the hearing. (*Id.*).

Plaintiff was not allowed to call any witnesses.  (*Id.* at 8).  He was found guilty of 110-impeding or interfering with an investigation and 303-giving false information to an employee, despite the lack of "some evidence" to support the decision.  (*Id.*; Doc. 7, pp. 3-4).  The defendants did not review all of the charges against Plaintiff before finding him guilty of the rule violations. He received one year of segregation, demotion to C-grade, and commissary restriction.  (*Id.*).

Plaintiff filed numerous grievances to challenge the false disciplinary ticket and unfair hearing.  Grievance Officer Carter denied his appeal, and Warden Harrington agreed with the decision. (Doc. 1, p. 8; Doc. 7, p. 4).  Almost a year later, the ticket was expunged following review of the matter by the Illinois Department of Corrections' Administrative Review Board and Director on September 10, 2014 (Doc. 1, p. 9; Doc. 7, p. 10).

Plaintiff now claims that he was deprived of a protected liberty interest without due process of law, in violation of the Eighth Amendment.  He sues Defendants Hecht, Carter, Veath, Hart, Mayers, and Harrington in connection with this claim.   Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.  (Doc. 1, p. 14).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* complaint into a single count:

> **Count 1:** **Fourteenth Amendment claim against the defendants for depriving Plaintiff of a protected liberty interest without due process of law by placing him in segregation for a year following the issuance of a false disciplinary ticket and unfair disciplinary hearing at Menard in October 2013.**

**Count 1** shall proceed against Defendants Hecht and Mayers, who issued the allegedly false disciplinary ticket on October 21, 2013, and against Defendants Veath and Hart, who

presided over the disciplinary hearing on October 23, 2013.  However, the complaint supports no claim against Defendants Carter and Harrington for denying Plaintiff's appeals of the adjustment committee's decision.

Standing alone, the receipt of a false disciplinary ticket generally does not give rise to a due process violation.  This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report."  *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citations omitted).  In this case, however, the disciplinary hearing lacked these safeguards.

Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).  In addition, the decision of the adjustment committee must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994).  Plaintiff complains of a number of *Wolff* violations at his hearing on October 23, 2013, including the denial of any opportunity to call witnesses, among others.

But even if an inmate's due process rights are violated, he still may not have a Fourteenth Amendment claim.  This is because an "inmate's liberty interest in avoiding segregation is limited."  *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).  A protected liberty

interest arises only when Plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When making this determination, Courts consider "the combined import of the duration of the segregative [sic] confinement *and* the conditions endured."  *Id*. at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original). Fourteenth Amendment due process protections are only triggered when the duration of confinement is sufficiently long and the conditions in segregation are particularly harsh.

A liberty interest does not arise unless the length of confinement in segregation is substantial and the record reveals that the conditions of confinement are unusually harsh. *Marion*, 559 F.3d at 697-98, n. 2. A term of segregation that is lengthy requires scrutiny of the actual conditions of segregation, whereas a shorter period of confinement may not.  *Id*. (citing *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement but noting that inmate's segregation "was still not so long as to work an atypical and significant hardship) (90 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated and noting "it was obviously a relatively short period when one considers his 12 year prison sentence") (approximately 70 days)).

Plaintiff's confinement in disciplinary segregation for almost eleven months is sufficiently long to warrant further factual inquiry into the conditions he endured. Without conducting this inquiry, the Court cannot determine whether any protected liberty interest arose and triggered due process protections. Accordingly, Count 1 shall receive further review against Defendant Hecht and Mayers, who issued the false ticket, and Defendants Veath and Hart, who violated Plaintiff's right to due process of law at his prison disciplinary proceeding.

However, the complaint lacks sufficient allegations to support a claim against Defendants Harrington and Carter. Plaintiff merely alleges that these defendants "agreed" with the decision of the adjustment committee and, in so doing, violated his rights under the Fourteenth Amendment. (Doc. 1, p. 8). As the Seventh Circuit has made clear, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (7th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations against these defendants are threadbare and conclusory, at best. Count 1 shall be dismissed against Defendants Harrington and Carter without prejudice.

## Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

## Disposition

**IT IS ORDERED** that Defendants **RICHARD HARRINGTON** and **LINDA CARTER** are **DISMISSED** without prejudice from this action because the complaint fails to state a claim against them upon which relief may be granted.

**IT IS ALSO ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **JEANETTE C. HECHT, TIMOTHY R. VEATH, JASON N. HART,** and **MR. MAYERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 16, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge,**
**United States District Court**